STATE of Missouri, Respondent,

v.

Charles AVILA, Appellant.

Charles AVILA, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61039, 63205.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Charles Avila, appeals from a judgment of conviction, after jury trial, of attempted tampering in the first degree. He was sentenced as a prior and persistent offender to imprisonment for four years to be served consecutively with an unrelated sentence already being served. Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing.

On April 30, 1990, the victim pulled her car into a parking space at K–Mart located in Arnold, Missouri. She noticed defendant, who was walking past her car, stop and turn around to look at her. As victim was getting out of her car, defendant grabbed the door pushing it open and placed a weapon against her. Defendant said, "Let's take a ride." The victim then hit defendant with the palms of her hands and shouted, "Help me. Somebody help me." Defendant then ran towards the highway, and the victim called the police. Defendant was apprehended running on Interstate 55.

The victim identified defendant at the Arnold police station and at trial as the man who had threatened her at K–Mart.

Defendant was charged with one count of attempted tampering in the first degree, one count of felonious restraint and two counts of armed criminal action. After a jury trial, defendant was found guilty of attempted tampering and felonious restraint, and not guilty on the two counts of armed criminal action. The trial court granted defendant's motion for new trial as to the felonious restraint. The state later entered a nolle prosequi as to that count.

■ Defendant first claims that the trial court erred in entering a judgment of conviction on tampering in the first degree. He argues that the verdict was inconsistent and contradictory with his acquittal for armed criminal action, and therefore the evidence was insufficient to support the guilty verdict.

■ The focus of determining whether a verdict is inconsistent and contradictory is whether the offense of which defendant was acquitted requires proof of an element unique to that crime and distinct from the elements of the offense of which he was found guilty. *State v. Jordan*, 751 S.W.2d 68, 79 (Mo.App.1988). The rule is that inconsistent verdicts among several charges requires reversal only if there is insufficient evidence to support the jury's finding of guilt. *State v. Clemmons*, 643 S.W.2d 803, 805 (Mo. banc 1983).

Applying this analysis, the verdict directing instruction for attempted tampering in the first degree required the jury to find defendant guilty if it believed beyond a reasonable doubt:

> First, that on or about April 30, 1990, in the County of Jefferson, State of Missouri, *the defendant used a pick type weapon* to confront Phyllis Berger and tried to enter her car on the driver's side, and

> Second, that such conduct was a substantial step toward the commission of the tampering in the first degree upon a 1976 Ford Granada owned by Phyllis Berger, and

> Third, that defendant engaged in such conduct for the purpose of committing such tampering in the first degree,

> then you will find the defendant guilty under Count I of an attempt to commit tampering in the first degree. (emphasis added).

The verdict director for the armed criminal action charge provided for a finding of guilty if:

> First, that defendant committed the offense of tampering in the first degree, as submitted in Instruction No. 5, and

> Second, that defendant committed that offense by or with or through the use or assistance or aid of *a dangerous instrument* . . . . (emphasis added).

Comparing the two instructions, the instruction for armed criminal action has as an element "the use or assistance or aid of a *dangerous* weapon," while the instruction for tampering in the first degree required the jury to find that defendant used "a *pick type weapon*" to confront Phyllis Berger. The jury was not required to find that the pick type weapon was dangerous in order to find the defendant guilty of tampering in the first degree. In that respect, the elements required for a tampering in the first degree conviction were different and distinct from the proof required for a conviction for armed criminal action. The verdicts therefore were not inconsistent or contradictory. Defendant's first point is denied.

Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. The judgment of the motion court is based on findings of fact that are not clearly erroneous; no error of law appears. Rule 84.16(b). Defendant's final point is denied.

The judgment of conviction is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.